IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| HEIDI M. MCBURNEY,<br><br>PLAINTIFF,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>DEFENDANT. | Civil Action No. _____ |

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
AND DEMAND FOR JURY TRIAL**

Plaintiff HEIDI M. MCBURNEY, by and through her attorney, L. Ashley Zubal, and for her claims against the Defendant, ASSET ACCEPTANCE, LLC, states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, HEIDI M. MACBURNEY (hereinafter, "Plaintiff") is a natural persons residing in DeSoto, Iowa.

4. Defendant, ASSET ACCEPTANCE, LLC, (hereinafter, "Defendant" or "Asset Acceptance") is a business engaged in the collection of debts owed to another in the state of Iowa with its principal place of business located at 28405 Van Dyke Ave, Michigan 48093.

## IV.   FACTUAL ALLEGATIONS

5. At some point in time, the Plaintiff incurred a "debt," as that term is defined by Iowa Code § 537.7102(3) and 15 U.S.C. § 1692a(5), to Gordmans / World Financial Network National Bank (xxxxxxxxxxxx7570), which was used for personal, family or household use.

6. The Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6) and 15 U.S.C. § 1692a(3).

7. Sometime thereafter, the debt was sold, assigned or otherwise transferred to Asset Acceptance for collection.

8. The Defendant is a "debt collector," as that term is defined by Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6).

9. The debt in question is less then $25,000.

10. The Plaintiff is employed at Cosco Wholesale as a sales auditor.

11. Sometime in late December, 2008, the Plaintiff was notified by a co-worker, Nancy Jensen, that a representative from Asset Acceptance by the name of "Eric Shelby" was consistently calling the Plaintiff's place of work in an effort to speak with the Plaintiff.

12. Upon the initial communication with Mr. Shelby, Ms. Jensen expressed that employees were not to receive personal phone calls, expressed the Plaintiff was not available and requested that the phone calls cease.

13. Mr. Shelby and other representatives of the Defendant continued to contact the Plaintiff's employer regularly and consistently, typically calling once a day each day of the week.

14. The Plaintiff's co-worker, Ms. Jensen, repeatedly told the Defendant it was against their policy to receive such calls and to cease calling.

15. On at least one occasion, Defendant's representative expressed that they wanted to speak with the Plaintiff to inform her of that she had been "approved" for a new credit card or line of credit.

16. In early January, 2008, the Plaintiff was contacted by her neighbor, Ruth Rockwell, who expressed that she had been contacted by a representative of Asset Acceptance on New Year's Eve, who left a message on her machine identifying the Plaintiff and referencing a debt owed.

17. The Plaintiff's neighbor, Ms. Rockwell, continued to receive communications on her voicemail from the Defendant attempting to collect a debt from the Plaintiff on at least three more occasions following the communication on New Year's Eve.

18. The Plaintiff received billing correspondence from the Defendant dated January 3, 2009, which verified that the Defendant knew the Plaintiff's address and contact information.

19. As a result of the above-referenced communications, the Plaintiff has experienced the following including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep and anxiety.

## V.    FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19.

21. Asset Acceptance and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. Asset Acceptance violated 15 U.S.C. § 1692c(3) by attempting to contact the Plaintiff at her place of employment without her permission and when the debt collector knows or has reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication.

   b. Accept Acceptance violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's neighbor or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

   c. Asset Acceptance violated 15 U.S.C. § 1692d by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   d. Asset Acceptance violated 15 U.S.C. § 1692e(2)(A) by falsely representing to the Plaintiff's employer the character, amount, or legal status of the alleged debt in connection with the collection of the debt.

  e. Asset Acceptance violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  f. Asset Acceptance violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

22. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

24. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

25. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19.

26. Asset Acceptance and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. Asset Acceptance violated 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(3); 1692c(b); 1692d; 1692e(2)(A); 1692e(10); and 1692f.

  b. Asset Acceptance violated 537.7103(2)(b) through the placement of telephone calls to the debtors employer without disclosure of the name of the business or company the debt collector represents.

  c. Asset Acceptance violated 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

  d. Asset Acceptance violated 537.7103(3)(a)(6) by contacting a third party, namely the Plaintiff's employer, without the Plaintiff's permission, more than once in a one-month period for purposes other than to verify the Plaintiff's employment.

e. Asset Acceptance violated 537.7103(4)(e) by falsely representing to the Plaintiff's employer the character, amount, or legal status of the alleged debt in connection with the collection of the debt.

27. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF